**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SEAN WILLIAM ROULO,                                   Case No. 24-CV-4459 (ECT/JFD)

                Petitioner,

v.

                                          **ORDER**

PAUL SCHNELL, MN Commissioner of
Corrections; and KEITH ELLISON, The
Attorney General of the State of
Minnesota,

                Respondents.

---

This matter is before the Court on review of Petitioner Sean William Roulo's petition for a writ of habeas corpus, *see* (Dkt. No. 1), and Motion to Hold Petition in Abeyance and Administratively Close Case, *see* (Dkt. No. 3), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Roulo challenges his convictions for criminal sexual conduct. (*See* Dkt. No. 1.); *State v. Roulo*, Case No. A21-1223, 2023 WL 126425, at *1 (Minn. Ct. App. Jan. 9, 2023), *review denied* (Minn. Apr. 26, 2023).

While a state prisoner may seek a writ of habeas corpus in federal court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), in order for habeas relief to be granted, a state prisoner must first show that "he has exhausted the remedies available" in the state courts, 28 U.S.C. § 2254(b)(1)(A). By his own admission, Mr. Roulo did not first exhaust his administrative remedies with respect to all his habeas claims before requesting habeas

relief in federal court. (Dkt. No. 2.). Mr. Roulo's petition, therefore, qualifies as a "mixed petition," containing both exhausted and unexhausted claims for relief. *Rose v. Lundy*, 455 U.S. 509 (1982).

Usually, a habeas petitioner filing a "mixed" habeas petition in federal court has a choice: He may voluntarily dismiss his entire petition, go to state court and exhaust his unexhausted claims, and then return to federal court; or he may voluntarily dismiss the unexhausted claims and proceed immediately in federal court on the exhausted claims. Choice one is unavailable as a practical matter to Mr. Roulo, who waited until the last possible day to file his federal habeas petition. If Mr. Roulo were to initiate a new habeas proceeding in federal court following the voluntary dismissal of this action, the petition used to commence that proceeding would assuredly be untimely under 28 U.S.C. § 2244(d).

Choice two would be an improvement from Mr. Roulo's point of view, though not without its own drawbacks. If Mr. Roulo were to voluntarily dismiss only the claims that were not yet fairly presented to the state courts but still could be (and it appears at least one claim falls into this category), he would likely forfeit the opportunity to ever prosecute those claims in a federal habeas action. *See* 28 U.S.C. § 2244(b) (establishing restrictions on second or successive habeas petitions).

Mr. Roulo would therefore prefer a third approach—that the Court stay this action while he returns to state court and presents his unexhausted claims in a petition for postconviction relief. (*See* Dkt. No. 3.). This procedure received its blessing from the Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), but the Court also cautioned that

the *Rhines* stay-and-abeyance procedure "should be available only in limited circumstances," *id.* at 277. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.*

Mr. Roulo offers a litany of reasons as to why he could not have prosecuted his claims in state court sooner. This Court, however, does not perceive any good cause for Mr. Roulo to have failed to have fairly presented each of his claims for relief to the state courts. Mr. Roulo has already had an unusually long time in which to formulate ideas as to how to attack his conviction on postconviction review. The Minnesota Court of Appeals granted him several extensions of time to file a supplemental brief on direct appeal of his convictions. The Minnesota Supreme Court extended the deadline for Mr. Roulo to file a petition for review of his direct appeal. After that petition was denied, the Supreme Court of the United States granted to Mr. Roulo an extension of time in which to file a petition for a writ of certiorari. That certiorari petition was not denied—and the limitations period for Mr. Roulo's habeas petition did not even *begin* to run—until almost a full year had passed from the issuance of the Minnesota Court of Appeals decision affirming the convictions. Following that, all but a day of that one-year limitations period had expired when Mr. Roulo filed his federal habeas petition. Now, nearly another two months have

3

passed since Mr. Roulo filed his federal habeas petition. And after all this time, Mr. Roulo

*still* has not filed a petition for postconviction relief in the state courts.[1]

Moreover, Mr. Roulo—who is no longer a prisoner and has not been a prisoner for

more than a year, *see* Dkt. No. 3 at 1—has faced fewer practical obstacles to prosecuting

his claims for relief than the typical person seeking postconviction relief in federal or state

court. Far from showing good cause, Mr. Roulo has proven unusually dilatory in seeking

postconviction relief. Accordingly, a *Rhines* stay will not be imposed in this matter. Mr.

Roulo's Motion to Hold Petition in Abeyance and Administratively Close Case, (Dkt. No.

3), is therefore **DENIED**.

This leaves Mr. Roulo with the choice described above—he may voluntarily dismiss

his mixed habeas petition, or he may voluntarily dismiss those claims that have not been

fairly presented to the Minnesota state courts and proceed only with those claims that he

believes have been fairly presented. **Mr. Roulo must make his decision within 21 days,**

**failing which it will be recommended that this entire matter be dismissed without**

**prejudice due to being a "mixed" petition.** Should Mr. Roulo elect to voluntarily dismiss

only those claims that have not yet been exhausted (rather than elect to voluntarily dismiss

---

[1] The Supreme Court in *Rhines* instructed that "district courts should place reasonable time limits on a petitioner's trip to state court and back," *Rhines*, 544 U.S. at 278, and quoted with approval a decision of the United States Court of Appeals for the Second Circuit stating that a "brief interval [of] 30 days" would usually be a sufficient amount of time to expect a litigant to file a state-court petition, *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001).  Nearly two months have now passed since Mr. Roulo requested that a *Rhines* stay be imposed, and yet Mr. Roulo has not even begun the process of attempting to exhaust any unexhausted claims for relief in the state courts.

his entire petition), he must be specific regarding which claims are being voluntarily

dismissed.

       SO ORDERED.


Date: March 27, 2025                       _s/ John F. Docherty_
                                          JOHN F. DOCHERTY
                                          United States Magistrate Judge