UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sean William Roulo,

        Petitioner,

v.

Paul Schnell, *MN Commissioner of Corrections*, and Keith Ellison, *The Attorney General of the State of: Minnesota*,

        Respondents.

File No. 24-cv-4459 (ECT/JFD)

**ORDER ACCEPTING REPORT AND RECOMMENDATION**

---

Petitioner Sean William Roulo commenced this action pro se by filing a petition for a writ of habeas corpus. Pet. [ECF No. 1]. The case is before the Court on a Report and Recommendation [ECF No. 33] issued by Magistrate Judge John F. Docherty. Judge Docherty recommends dismissing Roulo's petition without prejudice because he did not exhaust available state remedies for the federal constitutional violations he now alleges. R&R at 1. Roulo filed objections to the Report and Recommendation. ECF No. 34. Roulo's objections mean the Report and Recommendation is reviewed de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). I have undertaken that de novo review and agree with Judge Docherty's analysis and conclusions. And I conclude that no certificate of appealability shall issue.

Roulo failed to exhaust his state court remedies for the federal constitutional violations he alleges in his habeas petition because these claims were not presented to the state court. "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity

to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation modified); *see also Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996) ("Before a state prisoner is entitled to federal habeas corpus relief, he must first exhaust his state remedies and present the habeas claim to the state court."). "In order to present a habeas claim to the state court, a prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah*, 75 F.3d at 411 (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)).  Although Roulo points to a supplemental pro se brief he sought leave to file during his appeal to the Minnesota Court of Appeals, *see* ECF No. 34 at 2 (citing ECF No. 12-17), that brief was never properly before the Court of Appeals, which considered only the "two issues presented in the brief that was filed by the assistant state public defender." *See State v. Roulo*, No. A21-1223, 2023 WL 126425, at *2 (Minn. Ct. App. Jan. 9, 2023).[1]  Roulo also points to a "Code Red COVID-19 lockdown at MCF Faribault" and a "forced prison labor requirement" during "the critical final weeks of the direct appeal briefing period" as excuses for his failure to exhaust state remedies. *See* ECF No. 34 at 6–7.  Given that Roulo was allowed numerous extensions over a period of five months to submit a completed pro se supplemental brief (yet failed to do so), I am not satisfied that his circumstances present

---

[1]    In an order dated September 1, 2022, the Minnesota Court of Appeals described the history of Roulo's incomplete pro se supplemental brief filings, the numerous extensions granted for Roulo to file a completed pro se supplemental brief, and its ultimate decision—after giving Roulo five months to submit a completed pro se supplemental brief—to deny Roulo's final motion for further extension and order his additional reply brief stricken from the record. *See State of Minn. v. Roulo*, No. A21-1223 (Sept. 1, 2022) (filed here as ECF No. 12-23).

2

the type of "special circumstances sufficient to excuse complete exhaustion of state remedies" that the Eighth Circuit has found sufficient. *See Chitwood v. Dowd*, 889 F.2d 781, 785 (8th Cir. 1989) (excusing complete exhaustion of state remedies where petitioner "made a continual good faith effort to bring his petition before the proper forum and . . . faced roadblocks at every turn").

To obtain a certificate of appealability, Roulo must make a "substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), which means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the conclusion that Roulo failed to exhaust his state court remedies is not debatable. Therefore, I conclude that no certificate of appealability shall issue.[2]

Therefore, based on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1.      The Objections to the Report and Recommendation [ECF No. 34] are **OVERRULED**;

2.      The Report and Recommendation [ECF No. 33] is **ACCEPTED** in full;

3.      The Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**;

4.      The action is **DISMISSED WITHOUT PREJUDICE**; and

---

[2]      To the extent Roulo objects to the denial of his request for an administrative stay, *see* ECF No. 34 at 3–6, this issue has been adequately addressed in three previous Orders and will not be revisited here. *See* ECF Nos. 16, 21, 23.

5.      No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: June 5, 2026                    s/ Eric C. Tostrud
                                       Eric C. Tostrud
                                       United States District Court